34 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gilberto MENESES-MENDOZA, Defendant-Appellant.
 No. 93-10759.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 26, 1994.
 
 Before: WALLACE, Chief Judge, HUG, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gilberto Meneses-Mendoza appeals his conviction following the entry of a conditional guilty plea to possession with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1). Meneses-Mendoza contends that the district court erred by denying his motion to suppress without an evidentiary hearing. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review a district court's decision whether to conduct an evidentiary hearing on a motion to suppress for abuse of discretion. United States v. Mejia, 953 F.2d 461, 465 (9th Cir.1991), cert. denied, 112 S.Ct.1983 (1992). We review de novo the district court's ultimate conclusion as to the lawfulness of a seizure, but review its underlying factual findings for clear error. Id. at 464.
 
 
 4
 Meneses-Mendoza contends that the district court erred by not holding an evidentiary hearing prior to denying his motion to suppress. Specifically, he claims that the district court's policy of accepting only notice pleadings without allowing an opportunity to set forth facts and argue the law deprived him of the right to establish facts. This claim is without merit.
 
 
 5
 "An evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that the contested issues of [material] fact ... are in issue." United States v. Walczak, 783 F.2d 852, 857 (9th Cir.1986).
 
 
 6
 Here, Meneses-Mendoza argues that because the district court did not permit him to make his motion more definite, specific or detailed, he was not able to establish any factual dispute that would require an evidentiary hearing. See id. On September 7, 1993, however, the district court did hold a hearing on Meneses-Mendoza's motion to suppress. He was given an opportunity to present facts, offer testimony and to argue the law. He failed to demonstrate any factual dispute. Accordingly, the district court did not abuse its discretion by denying the motion to suppress without an evidentiary hearing. See Mejia, 953 F.2d at 465.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3